### ABIGAIL CAMP *v.* ORLANDO L. STEWART.

Where it appeared, by affidavits offered in behalf of the defendant, on appeal from a judgment rendered against him in the Marine Court, that, after the summons was served, he was called out of town, but prepared his defence with proper instructions, and gave the matters in charge to a young man especially enjoined to deliver the instructions to his attorney, and request his attendance on the return day; it was *held,* that the young man having neglected to inform the attorney, and permitted the cause to proceed without an appearance for the defendant, a new trial should be awarded, under § 366 of the Code, if necessary to prevent injustice.

Whether, when the default is sufficiently excused, and the appellant's affidavits show that manifest injustice has been done, counter affidavits should be received from the respondents? *Dub.*

Although a party, who has suffered judgment in the court below, by default, presents to the appellate court a satisfactory excuse for his non-appearance, the respondent will not be charged with costs for having refused to accept such excuse, or to consent to a new trial, on payment of the disbursements and costs of suit.

Whether a justice of the Marine Court has power, even with the consent of parties, to vacate a judgment rendered by him, and proceed to a new trial; *quere?*

APPEAL by the defendant from a judgment of the Marine Court. The cause was heard on the return, and upon affidavits produced by both parties. The material facts are apparent in the opinion of the court.

*George Shea*, for the appellant.

*J. M. Davies* and *G. P. Andrews*, for the respondent.

BY THE COURT. WOODRUFF, J.—I think this is a case for a new trial, under section 366 of the Code. The defendant's appearance was prevented by circumstances which could not reasonably have been anticipated. He was under a necessity of leaving town. He prepared his defence with all proper instructions, and gave the matter in charge of a young man specially enjoined to forthwith deliver them to his attorney, and request his attendance on the return day of the summons.

Although the young man may be highly culpable in suffering himself to *forget* a matter which had been intrusted to him, I do not think that the defendant is to be so far charged with the consequences of that neglect as to deny him a trial, if the case otherwise calls for it.

The inquiry is, has manifest injustice been done to the defendant?

The defendant's affidavits, if true, leave little room to doubt on that subject; and it is at least questionable, whether the 366th section of the Code contemplates the introduction of counter affidavits going to the merits of the action. The language is, if it appear " by the *affidavits served* or otherwise," &c. I am not satisfied that the legislature intended that this court should, on the appeal, try the whole merits upon conflicting affidavits. I do not, however, intend to express an opinion upon that point.

The defendant's affidavits fail to satisfy me that the plain-

tiff's affidavit is altogether false in the facts it states. It is hardly credible that the plaintiff settled her bill with her boarder for board and room rent, and gave a receipt in full therefor, reserving a claim for the care of the room and the gas used by the boarder in the room, without some *express* reservation in the receipt, or otherwise. It may be so; but I cannot regard it as probable. It seems to me a case which ought to be tried again.

But the plaintiff was not bound to accept costs and disbursements, and consent to a new trial. She had a right to have the sufficiency of the excuse, and all the circumstances, submitted to the appellate court; and there is no such settled practice in the matter of granting new trials in such cases, that she was bound to accept the offer, or deny it at her *peril*. Besides, the court below having rendered judgment, it is by no means plain that *that court* could, even on the consent of the parties, open the judgment and proceed to a new trial.

A new trial must be ordered, on payment of the costs of appeal, $12 00, within five days, and if such costs be paid, the parties must respectively appear in the Marine Court, on the — day of April, 1853, at 10 o'clock in the forenoon, and then and thereafter, on such days as that court, by due adjournment, may order, join issue and proceed to a trial, &c., in the action.

Ordered accordingly.